FILED
JEANNE A. NAUGHTON, CLERK
OCT 13 2017
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
-----------------------------------------------------------X

IN RE:

PAUL W. CRANE, JR. and
JOANNA L. CRANE,

      Debtors.

-----------------------------------------------------------X

CASE NO. 16-24335 (JNP)

CHAPTER 13

**OPINION**

**APPEARANCES:**

Jenny R. Kasen
David A. Kasen
Kasen & Kasen
1874 East Route 70, Suite 3
Cherry Hill, NJ 08003
*Attorney for the Debtors, Mr. and Mrs. Crane*

Raymond Shockley, Jr.
Office of the Chapter 13 Standing Trustee
535 Route 38, Suite 580
Cherry Hill, NJ 08002
*Attorney for the Trustee, Isabel C. Balboa*

Brian E. Caine
Parker McCay PA
9000 Midlantic Drive, Suite 300
Mount Laurel, NJ 08054
*Attorney for Creditor, MTGLQ Investors, L.P.*

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

      Before the Court is the confirmation of Mr. and Mrs. Crane's (the "Debtors") Chapter 13 plan. MTGLQ Investors, LP ("MTGLQ") objects to confirmation of the plan because the Debtors propose to make payments to MTGLQ outside of the plan. Isabel Balboa, the Chapter 13 Trustee

(the "Trustee") also opposes confirmation, arguing that payments on account of a cramdown of a secured claim, such as this one, cannot be made outside of a Chapter 13 plan. For the reasons discussed herein, confirmation of the Debtors' plan is DENIED.

## I. Background

The Debtors own the property located at 386 Route 130 Logan Township, New Jersey (the "Property"). The Property is encumbered by a first position mortgage held by MTGLQ and serviced by Rushmore Loan Management Services ("Rushmore"), and a second position mortgage held by Citimortgage, Inc.

The Debtors filed a Chapter 13 bankruptcy case on July 27, 2016. In the early stages of the case, the Debtors applied for mortgage relief through the Court's loss mitigation program, but were denied because they did not have a lump sum of money available to make the down payment required by Rushmore.

After being denied loss mitigation, the Debtors filed a motion to modify MTGLQ's proof of claim (the "Cramdown Motion"). The parties appeared to have reached a settlement of the Cramdown Motion, however, they now disagree upon the terms of that settlement. Specifically, the parties disagree whether payments to MTGLQ were to be made inside or outside the plan. The Debtors argue that these payments should be made outside the plan, and filed amended Chapter 13 plans on May 16 and June 13, 2017, reflecting that assertion. MTGLQ filed an objection to each modified plan. The Trustee also filed an objection, and the Debtor replied.

## II. Discussion

### A. Resolution of the Cramdown Motion

In resolution of the Cramdown Motion, the Debtors and MTGLQ appeared to have agreed to the following terms:

(1) The fair market value of the property is $228,600.00.

2

> (2) The agree interest rate under *Till* will be 3.00%.
> (3) MTGLQ will have a secured claim of $246,458.56 (which represents $228,600 at 3% interest amortized over 60 months).
> (4) MTGLQ will have an unsecured claim of $153,236.47.
> (5) The debtor will propose a plan which would have the Trustee pay Rushmore $1,204.86 per month under the plan from month 10 until month 60.
> (6) Month 60 will be a balloon payment of $171,219.10 (which represents the balloon payment minus a $4,152.72 credit).
> (7) The P&I will be paid through the plan and your client is going to pay taxes and insurance directly to the township.

Email from Brian Caine to Jenny Kasen (April 24, 2017). Ms. Kasen responded "Agreed" to the terms above.

Under New Jersey law, agreements to settle are contracts. See Pascarella v. Bruk, 468 A.2d 186 (N.J. Super. Ct. App. Div. 1983) ("An agreement to settle a lawsuit is a contract which, like all contracts, may be freely entered into and which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does other contracts."); In re Columbia Gas Sys. Inc., 50 F.3d 233, 238 (3d Cir. 1995) (noting that settlements that are consensual and do not derive solely from a court's judgment, are considered contracts for purposes of § 365).

Since settlements are viewed as contracts under New Jersey law, it is pertinent to examine this settlement under contract law. Most courts in the United States are reluctant to interfere with the bargains of private parties. Because of this, most jurisdictions apply a "four corners" rule. If the terms of the contract are not ambiguous, courts will generally not look beyond the "four corners" of the agreement. See Leodori v. CIGNA Corp., 814 A.2d 1098, 1104 (N.J. 2003); NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 24 A.3d 777, 790 (N.J. Super. Ct. App. Div. 2011). A contract is not considered 'ambiguous' when both parties disagree over the construction of the terms in the contract. A contract is only ambiguous when a term is susceptible of two different

interpretations or more than one meaning. See In re Combustion Eng'g, Inc., 366 F. Supp. 2d 224, 230 (D. Del. 2005).

### B. Cramdown of a Secured Claim Cannot Be Made Outside of a Chapter 13 Plan

The Trustee argues that the Debtors' amended plan inappropriately proposes to cramdown MTGLQ's secured claim outside of the plan. The Bankruptcy Code does not expressly prohibit direct payments to a creditor outside of a Chapter 13 plan. Courts have found though, that a debtor may choose to pay a secured creditor outside the plan provided the debtor is "not seeking to modify the right of the creditor in any way, and provided that the plan otherwise complies with the requirements of 11 U.S.C. § 1325(a)." In re Vigil, 344 B.R. 624, 631 (Bankr. D.N.M. 2006). Hussain provides guidance on what it is to modify the right of a secured creditor. 250 B.R. 502 (Bankr. D.N.J. 2000). In Hussain, the court held that the debtor could not make payments to the creditor outside of the plan because of a modification to the creditor's rights, which included changing the interest rate, the amount of the monthly payments, and the maturity date. Id. at 509.

### III. Analysis

Confirmation of the Debtors' plan is denied because the terms of the settlement require that payments to MTGLQ be made within the plan, and even if the terms of the settlement may have allowed for MTGLQ to be paid outside of the plan, cramdown payments of a secured claim cannot be made outside of a Chapter 13 plan.

### A. The Terms of the Settlement Reflect Payments Within the Plan

The Debtors and MTGLQ appear to have reached a settlement, which under New Jersey law, should be considered to be a contract.

Here, the terms of the settlement do not appear to be ambiguous. MTGLQ's counsel sent an email detailing the terms of the settlement and Debtors' counsel agreed to those terms. The express terms indicate that payments to MTGLQ would be facilitated through the Trustee within

4

the facet of a Chapter 13 plan. Therefore, this Court will not look beyond the four corners of the apparent agreement. Debtors' counsel argued that she did not intend for the term - that the payments be made through plan - to be part of the agreement, evidenced by a letter she wrote to the Debtors. In addition, counsel argued that the requirement for payments to be made within the plan was not material to the agreement. Neither argument is persuasive. The email chain between counsels of MTGLQ and the Debtors not only shows that the express terms of the agreement were not ambiguous, which prevents this Court from examining intent of the parties of the contract, but it also shows that the parties consented to these terms, which included for payments to MTGLQ to be made within the plan. What Debtors' counsel may have sent to her clients has no relation to the terms of the deal expressed to MTGLQ's attorney. In addition, whether payments are made within or outside of the plan appears to have been a material term. This affects the MTGLQ's rights and safeguards to payment. Moreover, Mr. Caine's email mentioned payment through the plan at least three times. Therefore, there exists either a resolution, where payments must be made within the plan, to which the Debtors no longer agree; or no resolution at all. Under either scenario, MTGLQ does not consent to its treatment and therefore, the Court cannot confirm the plan.

### B. Cramdown Payments Cannot be Made Outside of a Chapter 13 Plan

Courts have held that a debtor may pay a secured creditor outside the plan in two situations: (1) if the debtor does not modify the rights of the creditor in any way; or (2) if the creditor and Trustee consent to the payments for convenience purposes (for example, deminumus payments on account of a vehicle). See Vigil, 344 B.R. at 631; Hussain, 250 B.R. at 509.

Here, the Debtors propose to modify MTGLQ's rights as a secured creditor. Similar to Hussain, the Debtors seek to change the interest rate, amount of monthly payment, and the maturity date of their debt to MTGLQ. 250 B.R. at 509. Additionally, MTGLQ and the Trustee object to payments outside of the Chapter 13 plan. Therefore, because the Debtors seek to modify the

treatment of MTGLQ's claim, the payments to MTGLQ must be made within the plan. Additionally, since the plan proposes payments outside the plan, the plan cannot be confirmed.

### IV.    Conclusion

For the foregoing reasons confirmation of the Debtors' plan is DENIED.

Dated:  October 13, 2017

_____
JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE